```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY CALDWELL,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-5384(JS)(ARL)

LOTOYA JAMES, A.D.A, in Official
Capacity and Individually; ROSA
ROMEO, A.D.A., in Official Capacity
and Individually; FRANK L. TROPEA,
CHIEF CLERK, in Official Capacity
and Individually; and VICTOR V.
ROSSOMANO, CHIEF CLERK, in
Official Capacity and Individually,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Johnny Caldwell, pro se
                    514 E. Sultana Drive
                    Fitzgerald, GA 31750

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 8, 2014, then-incarcerated pro se plaintiff Johnny Caldwell ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Assistant District Attorneys Lotoya James ("A.D.A. James") and Rosa Romeo ("A.D.A. Romeo"), as well as the current Chief Clerk of the Suffolk County District Court, Frank Tropea ("Tropea"), and a former Chief Clerk of the Suffolk County District Court, Victor V. Rossomano ("Rossomano" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff seeks to sue all of the Defendants in their individual and official capacities.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, alleges, in its entirety:

> On and about April 26th and August 26th, 2013, while submitting paperwork (motions) to the unified Court system in Suffolk County New York the plaintiff did demand certain paperwork from the District Attorneys office, which was never turned over to the plaintiff in his Criminal Court/Superior Court proceeding from the above mentioned date to present along with the several Court Clerks, several motions that were sent to the Court for processing and were returned to sender or denied and never forwarded to the Judge's Chambers for consideration and to the present time of this claim, which violated the plaintiffs 14th Amendment rights to have equal protection of the law, Nor deny any person within its Jurisdiction of the Laws or due process of Law.[2]

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation,

(Compl. at 3-4.) Based on the foregoing, Plaintiff alleges three causes of action. The First Cause of Action, in its entirety, alleges that:

> The plaintiff seeks and demands monetary damage relief from the defendants for the violation of his 14th Amendment Right due process of law as well as his guaranteed 8th Amendment Right as a pre-trial detainee to be free from cruel and unusual punishment to be inflicted in a court of law. The District Attorneys Office in conjunction with several court clerks, withheld and deprived the plaintiff access to the Court when mailing and demanding verbally through his attorney and the United States Postal Service several request and motions to be sent to the Judges Chambers for consideration to no avail. The plaintiff demands Two Million Dollars.

(Compl. at 5-6.) The Second Cause of Action, in its entirety, alleges that:

> The plaintiff demands puntive damages from the defendants for violations of his guaranteed Civil Constitutional Rights under the 14th, 8th, and 4th Amendments to be free in his person, property, papers and effects to be be from cruel and unusual Punishment to be deprived of any life, liberty or property without Due Process of the Law. The plaintiff demands Two Million Dollars.

(Compl. at 7.) Finally, as a Third Cause of Action, Plaintiff alleges that:

> The plaintiff seeks compensatory damage relief from each defendant A.D.A. Latoya James, A.D.A. Rosa Romeo, Court Clerks Frank L. Tropea, and Court Clerk Victor V. Rossomano, for the malicious and wanton infliction of

---

and grammar have not been corrected or noted.

> pain, duress, and hardship bestewed on the plaintiff for the malfeasance, nonfeasance acts to the plaintiffs, charather as well as the violations of his guaranteed Contitutional Rights to be afforded due process and the equal protection of the Law under the 14th Amendment, as the defendants denied the plaintiff access to the Courts via mail, motions, ect. As a result it has caused duress and hardship. The plaintiff demands "Two Million Dollars." In total damage relief in the amount of Six Million Dollars and all other relief the Court may deem just, proper and equitable.

(Compl. at 8-9.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro</u> <u>se</u>

4

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

    Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'"  Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

   A. Official Capacity Claims Against Defendants

      1. Eleventh Amendment Immunity

   The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.  "'The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns. . . .'"  State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (alterations in original) (quoting W. Mohegan Tribe & Nation v. Orange Cnty., 395 F.3d 18, 20 (2d Cir. 2004)).  Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities.  Will v. Mich. Dep't of State Police, 491 U.S.

6

58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted).³

Here, Plaintiff's Section 1983 claims seek exclusively money damages against Defendants, all of whom are alleged to be state actors sued in their official capacities.⁴ See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (affirming dismissal of claims against current and former Kings County

---

³ A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. See Will, 491 U.S. at 71, n. 10. Given that Plaintiff does not seek any prospective injunctive relief, the exception has no application here.

⁴ All of the Defendants are state officials. James and Romeo are Assistant District Attorneys and Tropea and Rossomano are the current or former Chief Clerk of the District Court of Suffolk County. The District Court of Suffolk County is an arm of the New York state court system. See Gollomp v. Spitzer, 568 F.3d 355, 366-67 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."); See New York Courts, http://www.nycourts.gov/litigants/courtguides/ CtUsersNasSuff02.pdf (last visited Jan. 21, 2015) (providing background information regarding the role of the Suffolk County District Court in the New York State court system); see also Schnitter v. City of Rochester, 931 F. Supp. 2d 469, 476 (W.D.N.Y. 2013) (barring Section 1983 claims against assistant district attorneys because, "[i]n their role as prosecutors, [they] 'acted, in all relevant respects, on behalf of New York State, which itself is immune under the Eleventh Amendment.'") (quoting Doe v. Green, 593 F. Supp. 2d 523, 535 (W.D.N.Y. 2009)).

7

District Attorneys and Assistant District Attorneys on Eleventh Amendment grounds); see also Casaburro v. Giuliani, 986 F. Supp. 176, 182 (S.D.N.Y. 1997) (granting state court clerk's motion to dismiss official capacity suit on Eleventh Amendment grounds); Davis v. State of N.Y., No. 90-CV-6170, 1991 WL 156351, at *2 (S.D.N.Y. Aug. 6, 1991) (dismissing claim against state-court officials on Eleventh Amendment grounds), aff'd, 106 F. App'x 82 (2d Cir. 2004). Thus, because the Defendants are state officers and because New York state has not waived its sovereign immunity for suits under Section 1983,[5] the Defendants are immune from suits in their official capacity. Moreover, "there is no subject matter jurisdiction over Plaintiff's claims for monetary relief against the State defendants as the Supreme Court has stated that 'neither a State nor its officials acting in their official capacities are 'persons' under § 1983.'" Casaburro, 986 F. Supp. at 182 (quoting Will, 491 U.S. at 71, 109 S. Ct. at 2312)). Accordingly, Plaintiff's claims are clearly barred by the Eleventh Amendment and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

2. Quasi-Judicial Immunity

Defendants Tropea and Rossomano are also entitled to

---

[5] See, e.g., Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court . . . .") (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977)).

absolute immunity because it is well-established that "the clerk of the court and deputy clerks are shielded by an absolute quasi-judicial immunity, particularly when they 'perform tasks that are an integral part of the judicial process.'" McGann v. Lange, No. 96-CV-0859, 1996 WL 586798, at *2 (E.D.N.Y. Oct. 10, 1996) (quoting Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987)); see also Rodriguez, 116 F.3d at 66 (finding that the "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity"). In this case, Plaintiff alleges that these Defendants, as Chief Clerks of the Suffolk County District Court, "returned" several unspecified "motions" and such papers were "never forwarded to the Judge's Chambers for consideration." (Compl. at 3-4.) Similar actions by court clerks have been shielded by absolute quasi-judicial immunity. See McKnight v. Middleton, 699 F. Supp. 2d 507, 525-26 (E.D.N.Y. 2010) (granting immunity to Family Court clerk for claims arising out of his failure to process the plaintiff's motions); Mullis, 828 F.2d at 1390 (finding that clerk was entitled to quasi-judicial immunity for, inter alia, refusing to file a document with the court).

B. Individual Capacity Claims Against Defendants

Plaintiff states in the caption of his Complaint that the Defendants are sued in their official and individual capacities.

9

(Compl. at 1.)  However, the Complaint is bereft of any facts from which the Court can reasonably construe conduct undertaken in any of the Defendants' individual capacities.  Indeed, the challenged conduct--the production, filing, and processing of papers in connection with the underlying criminal prosecution of Plaintiff in state court--falls squarely within the Defendants' official duties.  Accordingly, Plaintiff's Section 1983 claims against Defendants in their individual capacities are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    B.    Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)(1).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   30  , 2015
       Central Islip, New York